IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| AUBREY T. EISOM, | ) |
|     Petitioner, | ) ) ) |
| v. | )    No. 1:13-cv-01289-JDB-egb |
| MICHAEL DONAHUE, | ) ) ) |
|     Respondent. | ) |

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT,
DENYING § 2254 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Before the Court is the § 2254 amended petition of Aubrey T. Eisom ("Petitioner") and the motion for summary judgment of Respondent, Michael Donahue ("Respondent" or "the State"). (*See* ECF Nos. 8 and 31.) For the reasons that follow, the motion is GRANTED and the amended petition is DENIED.

A Dyer County, Tennessee Circuit Court jury convicted Eisom of two counts of first degree felony murder and one count of especially aggravated robbery. *State v. Eisom*, No. W2009-02098-CCA-R3-CD, 2010 WL 4540069, at *1 (Tenn. Crim. App. Nov. 5, 2010), *perm. app. denied* (Tenn. Mar. 9, 2011). The trial court sentenced Eisom to consecutive sentences of life imprisonment for both of the felony murder convictions and a consecutive sentence of forty years' incarceration for the especially aggravated robbery conviction. *Id.* The Tennessee Court of Criminal Appeals ("TCCA") affirmed the convictions and sentences on November 5, 2010. *Id.* at *19. The Tennessee Supreme Court denied discretionary review on March 9, 2011. *Id.* at *1. Petitioner filed for state post-conviction relief on February 10, 2012.

1

(ECF No. 20-15.) The petition was denied, and the TCCA affirmed on September 24, 2013. *Eisom v. State*, No. W2012-02355-CCA-R3-PC, 2013 WL 5423073, at *19 (Tenn. Crim. App. Sept. 24, 2013). He did not seek review by the Tennessee Supreme Court. *Id.* at *1.

In his amended § 2254 petition in this case, the inmate asserts that his post-conviction counsel and post-conviction appellate counsel were ineffective, in violation of the Sixth Amendment. (ECF Nos. 8 and 8-1.) Subsequent to filing his amended petition, Petitioner moved for expansion of the record to include the preliminary hearing transcript, arguing that the transcript "is needed . . . to support his ineffective assistance of counsel claim." (ECF No. 21 at 1.) While the motion was pending, Eisom moved for summary judgment in which he asserted that there were "no genuine issue[s] of material fact" as to his habeas claims and that he was entitled to judgment "as a matter of law." (ECF No. 24 at 1.) In the first ground for relief, he argued that the TCCA's evidence sufficiency ruling was an unreasonable application of the Supreme Court's decision in *Jackson v. Virginia*, 433 U.S. 307 (1979). This claim was not raised in the amended petition, but was asserted for the first time in the summary judgment motion. Petitioner also sought judgment as a matter of law on his ineffective assistance claims. (ECF No. 24 at 1.)

The motion to expand the record was denied on September 22, 2015. (ECF No. 27.) On March 31, 2016, the Court denied Petitioner's motion for summary judgment, concluding that that he was not entitled to relief on any of his claims, including the newly-asserted evidence-sufficiency claim. (ECF No. 30.)

On July 18, 2016, the State filed a motion for summary judgment. (ECF No. 31.) It argued that the parties were bound by the Court's rulings in the order denying Petitioner's motion for summary judgment, and that pursuant to those rulings, the amended petition should

be denied and judgment entered as a matter of law in Respondent's favor. Eisom did not file a brief in opposition to the motion. Four months after the motion was filed, the Court, having heard nothing from Petitioner, ordered him to show cause why his claims should not be dismissed for failure to prosecute. (ECF No. 32.) Petitioner responded to the show-cause order by filing a document styled "Motion to Show Cause," in which he argued that the summary judgment motion should be denied to allow expansion of the record.[1] (ECF No. 36.)

The Court's rulings in its order denying Petitioner's summary judgment motion govern disposition of the State's motion. The doctrine of the law of the case discourages a court from revisiting its prior rulings in the same case, except in "limited" circumstances. *Lac Vieux Desert Band of Lake Superior Chippewa Indians v. Michigan Gaming Control Bd.*, 276 F.3d 876, 879 (6th Cir. 2002). *See also Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007) ("[T]he law of the case doctrine embodies the notion that a court ought not to re-visit an earlier ruling in a case absent a compelling reason, such as manifest error or a change in the law, that warrants re-examination."). The doctrine "'comes into play only with respect to issues previously determined.'" *Holloway v. Brush*, 220 F.3d 767, 777 (6th Cir. 2000) (en banc) (quoting *Quern v. Jordan*, 440 U.S. 332, 347 (1979)). Here, in its order denying Eisom's motion for summary judgment, the Court ruled on the issues raised by Petitioner's habeas claims and concluded that he was not entitled to habeas relief. The rulings are therefore the law of the case. *See, e.g.*, *Biel Loanco III-A, LLC v. Labry*, 862 F. Supp. 2d 766, 769 (W.D. Tenn. 2012) (issues decided in court's order denying plaintiff's motion for summary judgment were law of the case). Judgment in the State's favor was not entered at the time because it had not filed a cross-motion for

---

[1] The "Motion to Show Cause" (ECF No. 36) is DENIED because it is improperly styled as a "motion." The Court nevertheless takes into account the arguments Petitioner advances in that document.

3

summary judgment. Entry of judgment for the Respondent is now warranted. There are no material factual disputes and the Court's rulings, which are law of case, entitle Respondent to judgment in its favor.[2]

Eisom's show-cause submission does not provide grounds for revisiting the earlier rulings. Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it . . . ." Fed. R. Civ. P. 56(d). The inmate asserts that had the Court granted his 2015 motion to expand the record to include his preliminary hearing transcript, he could have shown that material factual disputes exist that preclude entry of summary judgment for Respondent, and that he could do so now. Petitioner does not give "specified reasons," *id.*, why the transcript will support his claims. Importantly, he asserted in his summary judgment motion that there were no material factual disputes and that judgment could be entered as a matter of law. That prior litigation position undermines Eisom's current request—which itself was prompted only by the Court's entry of a show-cause order months after Petitioner failed to respond to the State's motion for summary judgment. Accordingly, the Court finds that Petitioner has not provided a compelling reason to revisit the rulings set forth in the order denying his motion for summary judgment.

Respondent's motion for summary judgment is therefore GRANTED and the amended petition is DENIED. Judgment shall be entered for Respondent.

## APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA

---

[2] Even if the Court's rulings were not the law of the case, the Court would, and hereby does, reaffirm them.

4

may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §§ 2253(c)(2) & (3). Although a COA does not require a showing that the appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), a court should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, there is no question that the petition should be denied for the reasons stated. Because any appeal by Eisom does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reasons it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.

IT IS SO ORDERED this 1st day of March, 2017.

**s/ J. Daniel Breen**
CHIEF UNITED STATES DISTRICT JUDGE
